UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS CUNNINGHAM,

    Plaintiff,

v.                                  Case No: 5:20-cv-281-Oc-39PRL

BUREAU OF PRISONS,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Thomas Cunningham, a federal prisoner, initiated this case by filing an emergency motion for injunctive relief (Doc. 1; Motion). Plaintiff has not filed a civil rights complaint.

Plaintiff asserts he is obese and insulin-dependent and, therefore, at a heightened risk of contracting COVID-19. See Motion at 2. Despite his risk factors, prison officials have scheduled Plaintiff to be housed in quarantine in an area of the prison reserved for those transitioning into or out of the prison. Plaintiff explains he is scheduled for release on July 30, 2020. Id. Plaintiff fears that other inmates in quarantine, who have been transferred in from county jails, are "possibly infected" or "potentially [have] be[e]n exposed to COVID-19," which would place him at risk of contracting the illness. Id. at 3-5. Plaintiff requests the Court issue an order directing prison officials not to house Plaintiff in the quarantine section of the prison or not

to house him with inmates who have been transferred from county jails. Id. at 3.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff does not carry his burden to demonstrate injunctive relief is warranted. Importantly, the relief he seeks relates solely to matters of prison administration, an area in which courts are reluctant to interfere. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). See also McKune v. Lile, 536 U.S. 24,

2

39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.") Additionally, Plaintiff's fears, while understandable, are speculative. He asserts no facts suggesting he faces an imminent threat of harm. In fact, Plaintiff acknowledges that, to date, no prisoner at his institution has contracted COVID-19. See Motion at 5.

Finally, it is unclear whether Plaintiff first sought relief through the prison grievance process. Plaintiff should know that an inmate's attempt to bypass proper procedures is relevant to a court's consideration of a request for injunctive relief. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice.**

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. The **Clerk** shall send a copy of this order and Plaintiff's motion to the Warden of Plaintiff's correctional institution for any action that may be warranted.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of June 2020.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Thomas Cunningham